# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**BOBBY EARL KEYS,**

    Petitioner,

v.                                                        **Case No. 5:20-cv-319-Oc-02PRL**

**WARDEN, FCC COLEMAN – LOW**

    Respondents.
_____/

## ORDER

Petitioner, a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

On September 8, 2011, Mr. Keys was indicted by a Grand Jury. *See United States v. Keys*, Case No. 1:11-cr-79-HSO-JCG (S.D. Miss.) (Criminal Case, Doc. 93 at 2). Mr Keys entered a guilty plea to mail fraud, in violation of 18 U.S.C. § 1341 and was sentenced to 150 months imprisonment. The United States Court of Appeal for the Fifth Circuit dismissed Petitioner's appeal and the United States Supreme Court denied Petitioner's request for certiorari. *United States v. Keys*, 134 S. Ct. 452 (Oct. 15, 2013) (*cert. denied*) (*reh'g denied* 134 S. Ct. 733 (Dec. 2, 2013)). Petitioner's release date

is March 10, 2024. *See* BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number) (last visited July 13, 2020).

On May 12, 2020, Mr. Keys filed a motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A)(i) in the Southern District of Mississippi. (Criminal Case, Doc. 95). Mr. Keys argued that he was eligible for a sentence reduction based on "the public health crisis created by COVID-19" and his underlying serious medical conditions. *Id*. The district court denied the motion because Mr. Keys had failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. (Criminal Case, Doc. 108 at 6-8).

Having been denied relief by the court that sentenced him, Mr. Keys filed the instant petition before the Court on July 7, 2020. *See* Doc. 1 at 9. Mr. Keys alleges that "Respondents have been deliberately indifferent to [his] critical medical needs" and he is "in imminent danger from COVID-19 due to his medical conditions and BOP safety policy." *Id*. at 1-2. In his petition, Mr. Keys seeks outright compassionate release, an order placing him on home confinement, or an order allowing him to serve the remaining term of imprisonment in Residential Re-entry Center, due to the COVID-19 pandemic. (Doc. 1).

## DISCUSSION

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). The fundamental purpose of a habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411

U.S. 475, 484 (1973). For example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). In contrast, when a prisoner claims that he is being subjected to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action. *See Muhammad*, 540 U.S. at 750 (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.").

Here, Mr. Keys does not challenge the fact of his confinement in the BOP; rather he challenges the conditions of his confinement at FCC Coleman Low, claiming that the conditions place him at a substantial risk of contracting the COVID-19 virus, and he seeks relief from those conditions in the form of release from the prison, either outright, to home confinement, or to a residential re-entry center. His claims properly lie in a civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not a habeas corpus action. *See*

3

*Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (holding that habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration)[1]; *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035-36 (10th Cir. 2012) (holding that inmate's claim seeking transfer from one BOP detention facility to another is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*)[2]; *Glaus v. Anderson*, 408 F.3d 382, 386-88 (7th Cir. 2005) (holding that a prisoner's request to be transferred to a prison facility that could give him proper medical treatment for Hepatitis C was inappropriate under a habeas petition because it was a conditions-of-confinement claim). Therefore, Plaintiff's claims are not cognizable under § 2241. If Petitioner wishes to pursue a civil rights claim, he may do so by filing a civil rights complaint form.

Further, Mr. Keys is not entitled to habeas relief to the extent he seeks compassionate release. Before passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, only the Director of the BOP could move for compassionate release on an inmate's behalf, and the Director's decision not to file such a motion was

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

[2] Although in *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003), the Eleventh Circuit held that it is proper for a district court to treat a prisoner's petition for release from allegedly invalid administrative or disciplinary confinement as a petition for a writ of habeas corpus, the Eleventh Circuit has never extended *Medberry* to a prisoner's request to change the location of his valid confinement, which is essentially what Plaintiff requests here.

judicially unreviewable. *See*, *e.g., Cruz-Pagan v. Warden, FCC Coleman Low*, 486 F. App'x 77, 79 (11th Cir. 2012); *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases). Following the First Step Act, the Director still has the ability to file a motion for compassionate release, but if he does not, the defendant may move for compassionate release on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Importantly though, a motion for compassionate release must be brought before the court that imposed the sentence. *See*, *e.g., United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") (citations omitted); *Arnold v. Warden, FCC Coleman Low*, No. 5:20-cv-199-Oc-02PRL, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020) (dismissing § 2241 petition seeking compassionate release because such a request must be brought in the sentencing court). This Court did not impose the sentence, the Southern District of Mississippi did, and Mr. Keys has already filed an unsuccessful motion for compassionate release there. (Criminal Case, Doc. 108). Mr. Keys may not circumvent that decision by dressing up a successive motion for compassionate release as a habeas petition. His request for compassionate release is cognizable under 18 U.S.C. § 3582(c)(1)(A), not 28 U.S.C. § 2241.

For these reasons, the Petition is dismissed without prejudice subject to his right to pursue other avenues of relief that may be available to him, as referenced in this

5

Order. Finally, reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Thus, the court denies a certificate of appealability.

## CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. A certificate of appealability is **DENIED**

3. The Clerk of Court shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies:  Pro Se Party